## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 99-50658
Summary Calendar

DAVID PEREZ,

Plaintiff-Appellant,

versus

JESSE BROWN, Secretary, Department of Veterans Affairs,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(SA-97-CV-289)

January 3, 2000

Before POLITZ, WIENER, and DENNIS, Circuit Judges.

POLITZ, Circuit Judge:[*]

David Perez seeks review of an adverse summary judgment in his

employment discrimination action. For the reasons assigned, we affirm.

## BACKGROUND

Perez sued Jesse Brown, Secretary of the Department of Veterans Affairs,

alleging discrimination on the basis of national origin and retaliation for prior

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

protected union activity. Both parties consented to proceed before a magistrate judge. In granting Brown a summary judgment, the court concluded that Perez's claim regarding his promotion to foreman and subsequent resignation was time-barred. Because this claim of discriminatory "demotion" was a discrete event, the court further held that the continuing violation theory did not revive the untimely claim.[1] The court also concluded that Perez's mal-assignment contention was insufficient to establish a *prima facie* claim of retaliatory discrimination because being forced to do work that was outside of his job description did not rise to the level of an adverse employment action. Finally, the court granted summary judgment against Perez on his hostile work environment claims, concluding that Perez failed to state a *prima facie* case of retaliatory hostile work environment. In so doing, the court rejected Perez's contention that his demotion and mal-assignment could serve as evidence to establish a hostile work environment.[2] The court also determined that Perez's other allegations of discriminatory conduct were

---

[1]**See Huckabay v. Moore**, 142 F.3d 233 (5th Cir. 1998) (concluding that plaintiff's demotion was a discrete event that should have put defendant on notice that his cause of action had accrued and that his demotion could not constitute a continuing violation).

[2]The court relied on **Huckabay**, stating that such discrete events were not the type of day-to-day harassment that could be considered in a hostile work environment claim.

2

insufficient to establish a *prima facie* case of hostile work environment.[3]

Perez appeals the district court's decision, claiming that it erred in granting summary judgment on the ground that he failed to establish a claim for retaliatory hostile work environment or national origin hostile work environment, and in concluding that the continuing violation doctrine was not applicable to his claims for retaliatory hostile work environment or national origin hostile work environment.

## ANALYSIS

Summary judgment is appropriate when the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[4]  In determining whether summary judgment was appropriate, we conduct a *de novo* review, judging the facts in the light most favorable to the non-movant.[5]

Having considered the briefs and the record on appeal, we agree with the

---

[3]Specifically, the court held that Perez failed to show how any alleged retaliatory harassment he suffered was connected to his engaging in prior protected activities.  The court also concluded that there was insufficient evidence to establish a *prima facie* case for national origin hostile work environment.

[4]Fed. R. Civ. P. 56(c); **City of Arlington v. FDIC**, 963 F.2d 79 (5th Cir.), *cert. denied sub nom.*, 506 U.S. 1021 (1992).

[5]**Horton v. City of Houston**, 179 F.3d 188 (5th Cir.), *cert. denied*, No. 99-546, 1999 WL 784346 (U.S. Nov. 29, 1999).

district court regarding Perez's time-barred "demotion" claim and his failure to establish a *prima facie* case for retaliatory discrimination on his mal-assignment claim. We also concur with the trial court's conclusion that his demotion and mal-assignment claims cannot constitute evidence of continuing violations because they are considered "discrete" under **Huckabay**. Finally, we find no reversible error regarding the district court's determination that Perez failed to establish a *prima facie* case regarding his hostile work environment claims. Because there is no genuine issue of material fact that would allow Perez to proceed to trial on any of his claims, we hold that summary judgment was proper.

The judgment appealed is AFFIRMED.